IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case Number CIV-13-226-C ) |
| MIGUEL VARGAS, JR., INDIVIDUALLY AND D/B/A VARGAS JR. TRUCKING; and NORTHLAND INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

On October 14, 2011, Danny Stump, Sr., was involved in an accident resulting in his death. Mr. Stump was struck by a Peterbilt Truck driven by Rosario Terrazas-Pinon. Mr. Stump's widow then brought an action against Miguel A. Vargas, Sr., d/b/a MAV Trucking, as well as d/b/a Vargas Jr. Trucking. As discovery in the Stump litigation continued, it became apparent that at the time of the accident, Mr. Pinon was employed by Vargas Sr. d/b/a MAV Trucking. Vargas Jr. Trucking was owned and operated by Miguel Vargas, Jr. It was further discovered that at the time of the accident, Vargas, Jr., was operating MAV Trucking on behalf of his father, as Vargas, Sr., had suffered an injury. Vargas, Jr., d/b/a Vargas Jr. Trucking was insured by Progressive Northern Insurance Company, the Plaintiff in this litigation. In the Stump litigation, Progressive requested that Vargas, Sr., d/b/a MAV Trucking's insurer, Northland Insurance Company, take over the defense and indemnification

of Vargas Jr., d/b/a Vargas Jr., Trucking. Northland refused to accept the duty to defend Vargas Jr. Trucking, but agreed it would defend Vargas, Jr. Plaintiff then filed the present action seeking a declaratory judgment resolving Northland's duty to defend and indemnify.

Plaintiff now seeks summary judgment, arguing the undisputed material facts clearly establish a duty on Northland to defend and indemnify. In response to Plaintiff's motion, Defendant Northland agrees that it has a duty to defend and indemnify Vargas, Jr.; however, it argues that Vargas Jr. Trucking is a separate and distinct legal entity and Defendant Northland owed it no duty. Rather, any duty to defend or indemnify Vargas Jr. Trucking falls solely with Plaintiff, as it was Plaintiff that insured Vargas Jr. Trucking.

As Plaintiff notes in its reply, Defendant Northland's position is legally indefensible. Vargas Jr. Trucking is a d/b/a for Miguel Vargas, Jr. In that regard, Vargas Jr. Trucking is a sole proprietorship of Vargas, Jr. The Oklahoma Supreme Court has stated, "This Court has long held that in the case of a sole proprietorship, the firm name and the sole proprietor's name are but two names for one person. . . . Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." Bishop v. Wilson Quality Homes, 1999 OK 60, ¶ 8, 986 P.2d 512, 514-15. Thus, under Oklahoma law, there is no distinction between Vargas, Jr., and his company, Vargas Jr. Trucking. Consequently, to the extent Defendant Northland has admitted it owed a duty to defend and/or indemnify Vargas, Jr., it owes the same duty to Vargas Jr. Trucking.

Accordingly, the Court declares the following:

(1) No coverage under the Progressive policy exists to respond on behalf of Defendant Vargas to the October 14, 2011, accident or the Stump litigation;

(2) The Northland policy provides coverage to Defendant Vargas Jr. for the October 14, 2011, accident and the Stump litigation; and

(3) Northland is required to reimburse Progressive for the amounts it spent in defense of Defendant Vargas, Jr., in the underlying litigation.

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 22) is GRANTED. A separate judgment shall issue.

IT IS SO ORDERED this 28th day of January, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge